## ALANSON FOLSOM vs. MICHAEL McDONOUGH.

A building contract contained a stipulation, that the builder should have the build
ing finished, agreeably to the agreement, in two months; and also provided, that
if the building should be completed before the time, the builder should be paid or
allowed, for the time anticipated, at a specified rate, and that if the building
should not be finished within the time, the builder should pay or allow for the
time extended, at the same rate: It was held, that the latter clause controlled the
former, and by necessary implication, allowed a reasonable time, beyond the two
months, for finishing the building, upon paying or allowing liquidated damages
for the delay.

THIS was an action of assumpsit, commenced on the 17th
of March, 1848, and tried in the court of common pleas, against
the acceptor of an order in writing, dated the 13th of Novem-
ber, 1847, signed by one Parker Bolles, of which the following
is a copy:

" Mr. Michael McDonough pay to A. Folsom the sum of two
hundred dollars, when I shall have finished your building on
Charles street in Lowell, and done all the work thereon ac-
cording to contract; for value received."

The order was accepted by the defendant, on the day of its
date, as follows: " Accepted when the work is all done." The
plaintiff gave evidence of a written contract between the drawer
and acceptor of the order, bearing date September 27th, 1847,
for the building of the house on Charles street, which, among
other things, not necessary to be stated for the purposes of this
case, contained the following provisions, namely: " The said
Bolles is to have the building finished, and done, agreeably to
this agreement, in two months;" and " it is also agreed that
if the said Bolles shall have the buildings and additions finished,
according to this agreement, before the end of two months,
then the said McDonough shall pay or allow said Bolles, for
such time as the building shall be so done before the time, at
the rate of $225 a year, and if the building shall not be so
finished as aforesaid, then said Bolles is to pay or allow, after
said two months, to said McDonough, till the same is done, at
the same rate." The plaintiff then introduced evidence, that
the house in question was not finished according to the con-
tract, by Bolles, until about the 1st of March, 1848, more than
three months after the expiration of the two months provided
for in the contract.

Upon this, the defendant requested the presiding judge, *Mellen,* J., to rule, that the plaintiff could not recover on the order, unless the provision for finishing the house within the two months had been waived by the defendant. The judge refused so to rule, but did rule and instruct the jury, that upon this part of the case, the plaintiff was entitled to recover, if the house was finished by Bolles within a reasonable time after the expiration of the two months. The jury thereupon found a verdict for the plaintiff, for the amount of the order, and the defendant excepted.

*J. G. Abbott,* for the defendant.

*I. W. Beard,* for the plaintiff.

METCALF, J.   The court are of opinion that the ruling and instructions of the judge who tried the case were correct.   The defendant accepted the order according to the terms in which it was drawn; namely, to pay $200 to the plaintiff, when Bolles should have finished the defendant's building, and done all the work thereon, according to contract.   It appears, from the bill of exceptions, that Bolles had finished the building and done all the work thereon, about a fortnight before this action was commenced.   And the question is, whether this was according to the contract.

By the first clause of the contract, Bolles was to finish the building in two months from September 27th, 1847.   If no further agreement had been added, it is very clear that the defendant could not be held on his acceptance; for the work would not have been done according to the contract.   But, by a subsequent clause in the contract, the defendant agreed to pay Bolles an additional sum, namely, at the rate of $225 a year, if the building should be finished in less than two months, and Bolles agreed to pay or allow to the defendant, at the same rate, for such time, more than two months, as he should delay to finish the building.   This latter clause controls the former, and allows, by necessary implication, a time, beyond two months, for the finishing of the building, upon paying or allowing liquidated damages for the delay.   As the length of time thus granted for delay is not specified in the agreement, the law decides that it shall be a reasonable time.   And as the

18 *

jury must have found, under the instructions given to them, that the building was finished within a reasonable time after the expiration of the two months, we must hold that it was finished " according to the contract." The defendant is therefore bound, by the terms of his acceptance, to pay $200 to the plaintiff, although it may be, that, upon an adjustment with Bolles, according to the stipulations of the contract between them, he may owe Bolles a less sum.

*Exceptions overruled.*